[No. 3763.   Decided November 25, 1901.]

FREDERICK BAUSMAN, *as Receiver, Respondent,* v. SOL. CAMERON *et al., Appellants.*

FRAUDULENT CONVEYANCES — SUFFICIENCY OF EVIDENCE.

The verdict of a jury finding that an assignment of a claim due was made with intent to defraud the creditors of the assignor will not be disturbed, although there is no direct evidence thereof, if such intent may reasonably be inferred from the circumstances surrounding the transaction.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM MCDONALD, Judge. Affirmed.

*Heyburn, Price, Heyburn & Doherty* and *Lewis & Lewis,* for appellants.

*Samuel R. Stern,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—In March, 1896, the respondent Bausman recovered a judgment in the superior court of Spokane county against the appellant Solomon Cameron, and in May, 1898, caused an affidavit of garnishment to be filed in that court, averring therein that the Le Roi Min-

ing & Smelting Company, a corporation, was indebted to Cameron, and had property in its possession and under its control belonging to him. A writ of garnishment was issued thereon and duly served upon the judgment debtor and the corporation, to which they answered, putting in issue the averments of the affidavit. On the issues thus made a trial was had before a jury, resulting in a verdict and judgment for the plaintiff in the writ, the respondent here. From this judgment, the judgment debtor in the principal action and the garnishee defendant appeal to this court.

It is assigned as error that the evidence was insufficient to justify the verdict. It appeared from the evidence that Cameron and one Bye had constructed for the Le Roi Mining & Smelting Company a smelter plant, at Northport, in the state of Washington, and on April 8, 1898, claimed a balance due therefor of some $9,475.28. On the latter date, which was prior to the service of the writ of garnishment, Cameron, for the recited consideration of "one dollar . . . and other valuable considerations," assigned to Bye all his right, title, and interest in the claim. The good faith of this assignment was the question at issue on the trial of the garnishment proceedings. While the evidence on the question is somewhat meager, we are unable to say, after a careful examination of the entire record, that there was no substantial evidence upon which to base a verdict. The good or bad faith of a transaction of this kind can rarely ever be proven by direct evidence. Such must be gathered from all the circumstances surrounding it. Here, neither of the principals testified, and the case was rested upon the evidence of an attorney, who derived his knowledge while acting as attorney for the parties to the transaction. His admissions, when taken with the surrounding circumstances, seem to

us to make a case from which the jury could well have found that the assignment was made for the purpose of putting the claim beyond the reach of the creditors of Cameron.   This being so, the judgment must be affirmed, and it is so ordered.

REAVIS, C. J., and DUNBAR, ANDERS and WHITE, JJ., concur.